UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL CASE NO. 08-39-DLB-CJS

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                       **REPORT AND RECOMMENDATION**

LOE ROY JACKSON                                                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On August 22, 2017, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Loe Roy Jackson had violated conditions of his supervised release. Defendant was present in Court and represented by court-appointed counsel Kerry Neff, and the Government was represented by Assistant United States Attorney Anthony Bracke. Senior U.S. Probation Officer Stacey Suter was also present for this proceeding.

Upon call of this matter at the Final Revocation Hearing on Supervised Release Violations, counsel informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to admit to the violations alleged in the April 5, 2017 Violation Report (R. 52), and waive his right to allocute before District Judge Bunning and his right to appeal the sentence imposed by Judge Bunning to the extent it is consistent with this Report and Recommendation. In exchange, the Government agreed to recommend a term of incarceration of 30 months with a new term of supervision of 12 months to follow.

Upon consideration, the parties' agreement is an appropriate proposed disposition of this matter. Therefore, it will be recommended that Defendant's supervised release be revoked and that he be sentenced to a 30-month term of imprisonment with 12 months of supervised release to follow.

I. **Procedural Background**

On December 15, 2008, Defendant appeared in U.S. District Court in Covington, Kentucky, before the Honorable David L. Bunning, U.S. District Judge, and pled guilty to manufacturing and distribution of marijuana, possession of a firearm in furtherance of drug trafficking, and possession of a firearm by an unlawful drug user. (R. 28). On April 7, 2009, Judgment was entered (R. 41), Judge Bunning having sentenced Mr. Jackson to a total term of imprisonment of 78 months with a 4-year term of supervised release to follow.

On January 17, 2014, Defendant Jackson was released from prison to begin his 4-year term of supervision by U.S. Probation. (*See* R. 52). Defendant's conditions of supervision were subsequently modified on January 3, 2017, to include conditions pertaining to prescription medications. (*See* R. 43).

On April 4, 2017, Officer Suter petitioned for Defendant to appear before the Court regarding alleged violations of his supervision. (R. 44). Defendant subsequently initially appeared on April 6, 2017. (R. 50). The charged violations were presented to the Court via the Probation Officer's April 5, 2017, Violation Report. (R. 52). The violation charges were reviewed with Mr. Jackson, the potential penalties were explained, and a final revocation hearing was scheduled. (R. 50). However, upon call of the case at that scheduled final hearing, Defendant moved to have his competency evaluated; the Government did not oppose the request. (*See* R. 54). Mr. Jackson subsequently underwent a court-ordered competency evaluation at FMC Lexington. Following the

examiner's issuance of her competency report (R. 64), the case was scheduled for a combined competency hearing and final revocation hearing. Upon call of the case for this combined proceeding, the Court found Defendant competent to proceed[1] and moved forward with the final revocation hearing. (*See* R. 63). As noted above, counsel at that time informed the Court that the parties had reached an agreement: Mr. Jackson was prepared to admit to the violations, and the parties agreed on a recommended sentence of 30 months of incarceration with a new term of 12 months of supervised release to follow.

At the final hearing, the undersigned reviewed with Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable Sentencing Guidelines range. The undersigned further explained that while a recommendation of an appropriate sanction will be made to the presiding District Judge, it is ultimately Judge Bunning's decision as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to admit to the alleged violations set forth in the April 5, 2017 Violation Report. Specifically, Mr. Jackson admitted under oath to the following violations of supervised release and the factual circumstances set forth below:

> **Violation No. 1:** The Defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Grade C violation)

On March 31, 2017, a search was conducted of Defendant's apartment, at which time items suggestive of trafficking in marijuana were found. A subsequent search of Defendant's phones

---

[1] The parties stipulated to the admission of Dr. Betsy Campbell's competency report and the findings stated therein. These findings were also accepted by the Court; in particular, the finding that Mr. Jackson is not currently suffering from a mental condition that would prevent him from proceeding competently in these revocation proceedings and that he understands and is able to assist his counsel with respect to the charges currently presented against him.

revealed text messages consistent with selling controlled substances. During the search Defendant admitted to U.S. Probation that he possessed and was selling marijuana, which he confirmed during the final revocation hearing. Defendant admitted this conduct violates his supervision.

**Violation No. 2:** Defendant must comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications. (Grade C violation)

At a February 13, 2017 home visit by Defendant's Probation Officer, the number of Klonopin tablets Defendant produced was not consistent with that prescribed by his doctor. Defendant also denied having had a prescription for Klonopin recently filled, but the record check by Probation revealed it had been filled February 9. In addition, when Defendant's residence was searched on March 31, Defendant could not produce his Gabapentin prescription that he had filled on March 15.

**Violation No. 3:** The Defendant shall not commit another federal, state, or local crime. (Grade A violation)

Defendant's admitted possession and selling of marijuana is conduct violative of state law, specifically KRS § 218A.1421 - trafficking in marijuana, considered a Class D felony under the statute in this circumstance of eight ounces or less and it being a second or subsequent offense based on Mr. Jackson's criminal history.

**Violation No. 4:** The Defendant shall not commit another federal, state, or local crime. (Grade C violation)

Defendant admitted he did not produce his Klonopin pills upon request of the Probation Office and that he had sold some of these pills. Defendant's admitted selling of Klonopin pills is conduct violative of state law, specifically KRS § 218A.1414 - trafficking in a controlled substance, third degree, considered a Class A misdemeanor under the statute in this circumstance of selling 20 or more dosage units.

4

**Violation No. 5:** The Defendant shall follow the instructions of the Probation Officer. (Grade C violation)

While conducting the search of Defendant's residence on March 31, 2017, he was instructed to report to the U.S. Probation Office by 4:30 p.m. that day for a drug screen and return of his cell phones. Defendant failed to report as directed.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his admissions to the violation charges knowingly and voluntarily. Therefore, based on Defendant's admissions to these violations, the undersigned finds and will recommend that the District Judge find that Mr. Jackson has violated conditions of his supervised release as charged.

## II.     Sentencing

Defendant having admitted to violating his supervised release, the question of appropriate sanctions for the violations is presented. The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervision. *See* 18 U.S.C. § 3583(e)(3). The Court is mindful of the need to impose a sanction that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). In determining an appropriate sanction, the applicable policy statements in the Sentencing Guidelines, *see United States Sentencing Commission Guidelines Manual* Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a),[2] must be considered.

---

[2] In the specific context of supervised release proceedings, 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) of the statutory sentencing factors are to be considered. *See also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009).

Classification of Defendant's underlying criminal offenses results in a maximum term of incarceration upon revocation of his supervised release of 60 months, his underlying offense of possessing a firearm in furtherance of drug trafficking being a Class A felony. *See* 18 U.S.C. § 3583(e)(3). Section 7B1.4(a) of the Sentencing Guidelines suggests a revocation range of imprisonment of 30 to 37 months, based upon Defendant's criminal history category of III and his highest supervised release violation being a Grade A violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed would be unlimited, given Defendant's conviction for manufacturing and distributing marijuana under 21 U.S.C. § 841(a)(1). *See* 18 U.S.C. § 3583(h).

As explained above, the parties have agreed to a recommended sentence of 30 months of incarceration with 12 months of supervised release to follow. The undersigned agrees that under the circumstances presented, this recommended sanction is sufficient, but not greater than necessary, to comply with the applicable § 3553(a) factors imported into the § 3583(e) analysis. Probation Officer Suter confirmed that the U.S. Probation Office is in agreement with the parties' recommended sanction. As noted by the Government, the circumstances of the violations would ordinarily call for a higher sentence, but this is Defendant's first violation proceeding, he has accepted responsibility for his conduct, and this disposition has been recommended by his Probation Officer, after having reviewed and taken into consideration Mr. Jackson's mental health status and personal circumstances as set forth in the competency report. Defendant concurs in the Probation Officer's recommendation, and his counsel pointed out that Mr. Jackson was nearly completed with his supervision but quickly spiraled out of control after his father passed away in January 2017. The 12-month period of

supervision to follow will also give Mr. Jackson the opportunity for further oversight and direction by the Probation Office following his release. Defendant will need the structure of supervision and the guidance of the Probation Office to once again establish a stable environment and steady gainful employment while also learning to address and manage his mental health circumstances and deal with the life stressors that confront him without engaging in behaviors that are self-destructive and dangerous to the community.

The undersigned accepts the parties' proposed term of incarceration and new term of supervision and will recommend same to Judge Bunning in this Report and Recommendation. In light of this acceptance, Defendant has waived his right to allocute and his right to appeal his sentence to the extent it is consistent with this Report and Recommendation. (*See* R. 65).

Lastly, Defendant has requested that the Court recommend he be placed at the federal facility in Ashland to serve his sentence. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but that a placement recommendation would be made on his behalf.

### III.  Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his admissions to the violations knowingly and voluntarily; and the undersigned having considered the entire record, the pertinent § 3553(a) factors, the advisory Sentencing Guidelines and applicable policy statements, and the presentations of counsel; accordingly,

**IT IS RECOMMENDED** as follows:

1. Defendant **LOE ROY JACKSON** be found to have **violated** the terms of his supervised release as set forth in the April 5, 2017 Violation Report (R. 52).

2. Defendant's supervised release be **revoked.**

3. Defendant be sentenced to the custody of the Attorney General for a **term of incarceration of 30 months,** credit to be given for time served since his detention on the violation charges, **with 12 months of supervised release to follow** under the same standard and special conditions of supervision set forth in the April 7, 2009 Judgment (R. 41) and including the conditions added in the January 3, 2017 modification (R. 43).

4. Defendant's sentence, if possible, be served at the federal facility in Ashland, Kentucky, and that he participate in any recommended mental health treatment available to him.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Judge for consideration of this Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Signed this 4th day of December, 2017.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\08-39 Jackson R&R.wpd